UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO MARQUES SMITH,

      Plaintiff,

v.              Case No. 17-cv-667-pp

SCOTT ECKSTEIN, *et al.*,

      Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT NO. 30) AND DENYING MOTION TO STAY DISCOVERY AND DISPOSITIVE MOTIONS DEADLINES (DKT. NO. 37)**

On July 13, 2020, the court screened the plaintiff's third amended complaint. Dkt. No. 24. The court allowed the plaintiff to proceed on claims against some defendants and dismissed claims against others. On August 3, 2020, the plaintiff filed a motion for reconsideration, asking the court to allow him proceed on his claims against defendants Brian Foster, Sarah E. Cooper, Anthony Meli, Cynthia Radtke, Assistant District Attorney Karl Hayes, and David Dalland, an investigator in the Milwaukee County District Attorney's Office. Dkt. No. 30. In the meantime, the parties had agreed to mediation, which had been set for October 13, 2020, so the court deferred ruling on the motion for reconsideration pending the outcome of the mediation. On October 14, 2020, Magistrate Judge Dries reported that the parties were not able to resolve the case. Dkt. No. 34. A little over a week later, the defendants filed a motion for judgment on the pleadings, dkt. no. 35, and the plaintiff filed a

1

motion asking the court to stay the discovery and dispositive motions deadlines pending its ruling on his motion to reconsider, dkt. no. 37.

The plaintiff did not cite a rule in support of his motion for reconsideration, and the Federal Rules of Civil Procedure do not provide for motions to reconsider. There are two rules that parties use when asking courts to re-visit previous decisions. Fed. R. Civ. P. 59(e) allows a party to file a motion to alter or amend a judgment within twenty-eight days of the entry of that judgment. Rule 60(b) allows a court to grant relief from a final judgment or order for a specific set of reasons, within a "reasonable time" after entry of the judgment or order. The court has not entered a judgment, so the only rule that might apply is Rule 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure allows a court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Section 60(b)(1) allows a court to remedy its own mistakes. <u>Mendez v. Republic Bank</u>, 725 F.3d 651, 660 (7th Cir. 2013).

The plaintiff's motion does not convince the court that it has made a mistake. The court dismissed Radtke, Foster, Cooper and Meli because the plaintiff alleged that they failed to intervene but he did not demonstrate that they knew that someone was sending the plaintiff's legal mail to the district attorney's office. Dkt. No. 24 at 22-23. The plaintiff says in his motion that he put all of these defendants on notice that his constitutional rights were being violated but that the violations continued and he argues that he can't find out exactly who was sending his mail unless he "is allowed to proceed on his claims and conduct discovery." Dkt. No. 30 at 2-3. He says he is "certain" that at least one of the named defendants, Cynthia Radtke, was sending his legal materials to the DA's office because she admitted as much to another defendant in emails. Id. at 3.

The court understands that the plaintiff claims he told these defendants about the contents of the judge's orders and the fact that his legal mail and legal materials were not to be sent to the DA's office. The court has no reason to think these defendants were not aware of that fact. And the plaintiff asserts in his motion that he knows staff members were going through his legal materials because he saw people in his cell and then would find his materials rifled. The question, however, is whether these defendants knew or had reason to know that staff were sending the plaintiff's legal mail or materials to the district attorney, such that they could have intervened to prevent it. The plaintiff still has not stated a claim that they did. As to

3

Radtke, the plaintiff refers to an email in which Stevens asked her if she had a particular person to whom she was sending scanned letters, and she replied that she did. See Dkt. No. 25 at ¶¶52-53. This is not an admission that Radtke was sending the plaintiff's *legal* mail. The plaintiff's own facts concede that staff sent some of his *non-legal* mail to the DA's office. The fact that Radtke may have acknowledged sending scanned letters to someone at the DA's office (and the court is not sure that she did, without seeing the entire email chain) does not mean that she acknowledged sending the plaintiff's *legal* mail to the DA's office.

As for the prosecutor and the investigator, the plaintiff disagrees with the court that they were acting within the scope of their prosecutorial duties. The plaintiff has a right to disagree, but he has not convinced the court as the court explained in the screening order. Because the plaintiff has not convinced the court that it made a mistake, Rule 60(b)(1) does not afford the plaintiff relief.

The plaintiff has not presented newly discovered evidence, so Rule 60(b)(2) does not afford him relief. He does not allege that the defendants obtained the order by fraud, misrepresentation or misconduct, so he is not entitled to relief under Rule 60(b)(3). There is no judgment to void or satisfy, so subsections (b)(4) and (b)(5) are not applicable. Finally, subsection (b)(6), the "any other reason" "catch-all category is limited to 'extraordinary circumstances.'" Id. at 657 (quoting Liljeberg v. Health Servs. Acquisition

Corp., 486 U.S. 847, 863-64 (1988)). The plaintiff has not demonstrated extraordinary circumstances. The court will deny the plaintiff's motion for reconsideration.

The plaintiff's motion to stay discovery and dispositive motions deadlines says that if the court denies his motion to reconsider, he plans to appeal to the Seventh Circuit. Dkt. No. 37 at ¶5. He says that the court should stay the case because the court might not rule on his motion until after the deadlines have passed, which would waste the parties' time. He cites to the fact that it has taken the court longer than it would like to rule on his motions in the past. Id. at ¶6.

The court is making every effort to rule more promptly on the plaintiff's motions (and many others). If the plaintiff chooses to appeal to the Seventh Circuit, that is his prerogative. But there is no reason for the court to stay the discovery or dispositive motions deadlines. The court now has ruled on the plaintiff's motion to reconsider. The parties still have a month to complete discovery and two months in which to file dispositive motions. The court notes that if the plaintiff wishes to respond to the defendants' October 23, 2020 motion for judgment on the pleadings, he must do so by November 13, 2020 or ask the court for an extension of that deadline.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 30.

The court **DENIES** the plaintiff's motion to stay the December 10, 2020 discovery and the January 22, 2021 dispositive motions deadline date. Dkt. No. 37.

Dated in Milwaukee, Wisconsin this 9th day of November, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

6

Case 2:17-cv-00667-PP-NJ   Filed 11/09/20   Page 6 of 6   Document 39