ANTONIO MARQUES SMITH,

                Plaintiff,

v.                                            Case No. 17-cv-667-pp

CHRISTOPHER STEVENS,

                Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO SCREEN COMPLAINT (DKT. NO. 53) AND SCREENING FOURTH AMENDED COMPLAINT UNDER 28 U.S.C. §1915A**

      Antonio Marques Smith, who is confined at the Wisconsin Secure Program Facility and who is representing himself, filed this lawsuit alleging civil rights violations under 42 U.S.C. §1983. The court screened the third amended complaint and allowed the plaintiff to proceed on claims under the First and Fourteenth Amendment to the United States Constitution based on allegations that the defendants had interfered with his legal mail. Dkt. No. 24 at 19, 21. The defendants filed a motion for judgment on the pleadings, dkt. no. 35, and the court granted the motion as to the plaintiff's access-to-courts claims against all defendants, dkt. no. 51 at 13, 23-24. The court denied the motion as to the plaintiff's First Amendment claim against defendant Christopher Stevens and gave the plaintiff the opportunity to amend his complaint a final time as to his allegations against Stevens. Id. at 22-24. The plaintiff has filed his fourth amended complaint, dkt. no. 52, the defendant

1

filed a motion for screening the complaint, dkt. no. 53, and this order screens the pleading under 28 U.S.C. §1915A.

I. **Screening the Fourth Amended Complaint**

   A. Federal Screening Standard

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable

2

inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

B.     The Plaintiff's Allegations

The fourth amended complaint describes three incidents where Stevens allegedly intercepted the plaintiff's mail.

He alleges that on October 24, 2016, Stevens intercepted a letter the plaintiff wrote to his trial attorney while he was awaiting trial in his state criminal cases. Dkt. No. 52 at 2. The plaintiff states that his trial attorney never received the letter, which detailed the plaintiff's defense strategy and included evidence the plaintiff was requesting to prepare for his jury trial. Id. at 2-3. Stevens allegedly emailed the letter to the prosecuting attorney for the ongoing criminal case. Id. at 2.

The plaintiff alleges that on October 17, 2016, Stevens intercepted a letter written to the plaintiff from Kim Stelow; the plaintiff never received the letter. Id. at 3. According to the plaintiff, the letter was emailed to the prosecuting lawyer and the state's investigator in his criminal case. Id.

Finally, the plaintiff alleges that on October 17, 2016, Stevens intercepted a letter written to the plaintiff from Babette Green. Id. The plaintiff states that Stevens emailed the letter to the prosecuting attorney in his criminal case, but that the plaintiff never received the letter. Id.

The plaintiff states that although a Milwaukee County court order restricted his ability to communicate, the order did not direct prison staff to not deliver his incoming or outgoing mail. Id. According to the plaintiff, Stevens

3

violated the Milwaukee County court's order and, in doing so, violated the plaintiff's First Amendment right to send and receive mail. Id. He seeks compensatory and punitive damages. Id. at 4.

C. Analysis

Prisoners have a constitutionally-protected interest in their incoming and outgoing mail correspondence. Van den Bosch v. Raemisch, 658 F.3d 778, 785 (7th Cir. 2011) (citing Jackson v. Frank, 509 F.3d 389, 391 (7th Cir. 2007)). But prison officials may restrict prisoner correspondence if those restrictions are "reasonably related to legitimate penological interests." Id. (quoting Turner v. Safley, 482 U.S. 78, 89, (1987), Thornburgh v. Abbott, 490 U.S. 401, 413 (1989) (adopting the Turner reasonableness standard for regulations on incoming publications sent to prisoners)). Legitimate penological interests include crime deterrence, prisoner rehabilitation and protecting the safety of prison guards and inmates. Id. (citing Singer v. Raemisch, 593 F.3d 529 (7th Cir. 2010) (affirming summary judgment in favor of prison officials who restricted role-playing game that mimicked the organization of gangs); May v. Libby, 256 F. App'x. 825 (7th Cir. 2007) (affirming grant of judgment as a matter of law for prison officials who confiscated inmate's internal grievance form against the prison because it was not unreasonable to perceive letter as a threat); Kaufman v. McCaughry, 419 F.3d 678, 685 (7th Cir. 2005) (affirming district court's dismissal of prison officials who refused to distribute publications deemed pornographic).

4

The plaintiff alleges that Stevens intercepted three pieces of mail: (1) a letter the plaintiff sent to his attorney in his ongoing criminal case; (2) a letter to the plaintiff from a Kim Stelow; and (3) a letter to the plaintiff from a Babette Green. The plaintiff states that his attorney never received the letter the plaintiff sent him, and that the plaintiff never received the letters from Stelow and Green. (The court assumes the letters from Stelow and Green were not legal mail.)

The plaintiff alleges more than a mere delay in sending his outgoing, legal mail and in receiving his two pieces of incoming mail. Rather, he says that over the course of about one week, Stevens intercepted three pieces of mail and the mail was not delivered to its intended recipients. The plaintiff may proceed on a First Amendment claim against Stevens based on allegations that Stevens intercepted and did not deliver the plaintiff's October 24, 2016 outgoing legal mail and his October 17, 2016 incoming mail. See Antonelli v. Sheahan, 81 F.3d 1422, 1432-33 (7th Cir. 1996).

## II. Conclusion

The court **ORDERS** that the plaintiff may proceed on a First Amendment claim against defendant Stevens as described in this order.

The court **ORDERS** defendant Stevens to file a responsive pleading to the fourth amended complaint within thirty days.

The court **GRANTS** the defendant's motion for screening of fourth amendment complaint. Dkt. No. 53.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

Dated in Milwaukee, Wisconsin, this 24th day of May, 2022.

                                          **BY THE COURT:**

                                          **HON. PAMELA PEPPER**
                                          **Chief United States District Judge**