UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO MARQUES SMITH,

                    Plaintiff,

v.                                               Case No. 17-cv-667-pp

CHRISTOPHER STEVENS,

                    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (DKT. NO. 57)**

      Plaintiff Antonio Marques Smith, who is confined at the Wisconsin Secure Program Facility, filed this civil rights case under 42 U.S.C. §1983. Dkt. No. 1. The court screened the fourth amended complaint and allowed the plaintiff to proceed on a claim under the First Amendment based on allegations that defendant Christopher Stevens intercepted and did not deliver the plaintiff's October 24, 2016 outgoing legal mail and his October 17, 2016 incoming mail. Dkt. No. 54 at 5.[1] Specifically, the plaintiff alleged that Stevens intercepted three pieces of mail: (1) a letter the plaintiff sent to his attorney in his ongoing criminal case; (2) a letter to the plaintiff from a Kim Stelow; and (3)

---

[1] Previously, the court screened the third amended complaint and allowed the plaintiff to proceed on claims under the First and Fourteenth Amendments based on allegations that the defendants had interfered with his legal mail. Dkt. No. 24 at 19, 21. The defendants filed a motion for judgment on the pleadings, dkt. no. 35, and the court granted the motion as to the plaintiff's access-to-courts claims against all defendants, dkt. no. 51 at 13, 23-24. The court denied the motion as to the plaintiff's First Amendment claim against Stevens and gave the plaintiff the opportunity to amend his complaint a final time (his fourth amended complaint) as to his allegations against Stevens. Id. at 22-24.

1

a letter to the plaintiff from a Babette Green. Id. The defendant has filed a motion for partial summary judgment on exhaustion grounds, contending that the plaintiff failed to exhaust his administrative remedies as to his allegations that Stevens intercepted the October 17, 2016 mail from Kim Stelow and Babette Green. Dkt. Nos. 57, 58.

On July 20, 2022, the court ordered that by August 18, 2022, the plaintiff must file a response to the defendant's motion; it warned that the plaintiff's failure to file his response by the deadline would result in the court treating the motion as unopposed, deciding the motion without further input from the plaintiff and likely granting. Dkt. No. 61 at 2. The August 18, 2022 deadline has passed, and the plaintiff has not filed a response to the defendant's motion for partial summary judgment.

The defendants argue that the plaintiff did not file any inmate complaints relating to his claim that on October 17, 2016, Stevens intercepted two incoming pieces of mail—one from Kim Stelow and one from Babette Green. Dkt. No. 58 at 1. They indicate that the plaintiff filed only one complaint about October 2016 mail interception, and that was his complaint about Stevens intercepting the October 24, 2016 letter from the plaintiff to his lawyer. Id. at 5. The defendants provided the plaintiff's complaint history report—that history shows that in November 2016—the month after the events described in the complaints—the plaintiff filed two inmate complaints. Dkt. No. 60-1 at 2. The first one was received on November 23, 2016; the plaintiff complained that he was "[n]ot receiving IUN pay." Id. The second complaint was received on November 29, 2016; this is the complaint he filed about staff intercepting his letter to his lawyer. Id. The defendants also included the complaint received on November 29, 2016. Dkt. No. 60-2. The complaint is extensive—the plaintiff

2

Case 2:17-cv-00667-PP   Filed 09/27/22   Page 2 of 4   Document 62

used several pages to write it. Id. at 10-15. As extensive as it was, it made no reference to mail from Stelow or Green. It made no reference to interception of incoming mail. It made no reference to interception of non-legal mail. The complaint discussed only the letter the plaintiff had written to the lawyer in his criminal case and the chilling impact the interception of his legal mail had on his ability to communicate with his legal advisors.

The Seventh Circuit takes a "strict compliance approach to exhaustion," which is required by the Prison Litigation Reform Act. Williams v. Rajoli, 44 F.4th 1041, 1045 (7th Cir. 2022) (quoting Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006)). An incarcerated person must "take each of the steps prescribed by the state's administrative rules governing prison grievances." Id. (quoting Chambers v. Sood, 956 F.3d 979, 983 (7th Cir. 2020)). Under the version of the Wisconsin Inmate Complaint Review System in effect in 2016, the plaintiff was required to file a complaint with the Inmate Complaint Examiner. Wis. Admin. Code §§DOC 310.09, 310.11. The complaint had to be filed within fourteen days of the incident—in this case, within fourteen days of October 17, 2016 (on or around October 31, 2016). Wis. Admin. Code §DOC 310.09.(6). The complaint needed to clearly identify the issue the incarcerated person wanted to raise. Wis. Admin. Code §310.09(1)(e).

The defendants have demonstrated that the plaintiff did not follow this first and necessary step in exhausting his administrative remedies regarding a claim that on October 17, 2016, Stevens intercepted his incoming mail. There is no evidence that the plaintiff filed an ICRS complaint about an October 17, 2016 incident or about anyone allegedly intercepting his incoming mail. In fact, he did not file any complaints within fourteen days of October 17, 2016, and the first complaint he filed after that date was the November 23, 2016

3

Case 2:17-cv-00667-PP   Filed 09/27/22   Page 3 of 4   Document 62

complaint about not receiving his IUN pay. Dkt. No. 60-1 at 2. The plaintiff failed to exhaust his administrative remedies as to his claim that Stevens intercepted his incoming mail on October 17, 2016.

The court will grant the defendant's motion. From here on out, the parties may conduct discovery and litigate only the issue of Stevens's alleged interception of the plaintiff's outgoing letter to his criminal defense lawyer. The court reminds the parties that the deadline for completing discovery is October 24, 2022 and the deadline for filings substantive dispositive motions is November 28, 2022. Dkt. No. 56.

The court **GRANTS** the defendant's motion for partial summary judgment on exhaustion grounds as to the plaintiff's allegations that Stevens intercepted his October 17, 2016 mail from Kim Stelow and Babette Green. Dkt. No. 57.

Dated in Milwaukee, Wisconsin this 27th day of September, 2022.

                                **BY THE COURT:**

                                **HON. PAMELA PEPPER**
                                **Chief United States District Judge**