UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO MARQUES SMITH,

                Plaintiff,

v.                                                Case No. 17-cv-667-pp

CHRISTOPHER STEVENS,

                Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 74), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 69), DENYING AS MOOT PLAINTIFF'S MOTION TO STAY PROCEEDINGS (DKT. NO. 69), GRANTING IN PART PLAINTIFF'S MOTION FOR COPY OF ALL FILINGS ON DOCKET (DKT. NO. 71), GRANTING PLAINTIFF'S MOTION FOR ORDER FOR DEFENDANT TO PRODUCE COMPLETE COPY OF DISCOVERY (DKT. NO. 71) AND SETTING DEADLINE FOR PLAINTIFF TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On November 14, 2022, the defendant filed a motion for summary judgment. Dkt. No. 63. Before the deadline for the plaintiff to respond to that motion arrived, the plaintiff filed a combined motion for preliminary injunction, appointment of counsel and to stay proceedings. Dkt. No. 69. The plaintiff also has filed a motion asking the court to provide him a copy of all filings on the docket and to order the defendant to produce a complete copy of discovery. Dkt. No. 71. Finally, he has filed a motion to withdraw his motion for preliminary injunction. Dtk. No. 74.

In his combined motion for preliminary injunction, appointment of counsel and stay to proceedings, the plaintiff describes an investigation that took place at Columbia Correctional Institution, where he was incarcerated.

1

Dkt. No. 69. He states that on November 16, 2022, Captain Peters placed him into segregation for an investigation and that Peters confiscated all the plaintiff's legal and non-legal papers. Id. at ¶¶2-3. The plaintiff states that Peters issued him a conduct report that included allegations that Peters had intercepted three pieces of legal mail addressed to the plaintiff from, respectively, the Wisconsin Department of Justice, the United States District Court and the law firm of Rosen and Holzman, that contained documents that tested positive for illegal substances. Id. at ¶¶4-8.

In his request for a preliminary injunction, the plaintiff says he sought an emergency hearing with Captain Peters and Columbia County Sheriff Detective Leland as witnesses, and a written order directing Peters to return the plaintiff's legal documents and supplies that were confiscated from his cell.[1] Id. 5-6. In support of his request for appointment of counsel, the plaintiff states that while he has been unrepresented in all cases before this court without ever filing a motion for appointment of counsel, the extraordinary events described in his motion have hindered him so much that he cannot prosecute this case without the assistance of counsel. Dkt. No. 69 at 6. According to the plaintiff, included with his property confiscated by Captain

---

[1] The plaintiff subsequently filed a motion to withdraw his motion for preliminary injunction. Dkt. No. 74. The plaintiff states that he sought injunctive relief to preserve the documents but that since he filed the motion, the documents were retested, the results were negative for the presence of illegal substances and Warden Fuchs reversed the guilty finding. Id. at 2. The court will grant the plaintiff's motion to withdraw his motion for preliminary injunction.

2

Peters are several letters from attorneys showing that he unsuccessfully attempted to recruit counsel. Id. He says that, based on Peters's actions, he believes the harassment will continue and that without the appointment of counsel it will be difficult for him to prosecute this case. Id. at 6-7. And in his motion to stay proceedings, the plaintiff alleges that Peters has confiscated all his legal documents and supplies since November 16, 2022, and he asks the court to stay proceedings until these issues are resolved. Id. at 7.

The day after the court received the plaintiff's combined motion, the court received from the plaintiff a motion asking the court to provide him a copy of all case filings and to order the defendant to produce a complete copy of discovery. Dkt. No. 71. He states that on October 26, 2022, Peters took his legal papers and when they were returned, large portions of the documents were missing. Id. at 1. The plaintiff also states that on November 16, 2022, Peters again took all his legal papers (the incident described above) and that, to date, they have not been returned. Id. at 2. The plaintiff states that without the entire case file and complete discovery, he will not be able to prosecute this case. Id.

The defendant filed a joint response to the plaintiff's motions. Dkt. No. 72. The defendant states that the court should deny the motions because all the plaintiff's documents have been returned. Id. at 1. The defendant explains that on October 26, 2022, the plaintiff's legal work was confiscated from his cell and reviewed for possible contraband based on information that the plaintiff was receiving drugs through the mail. Id. at 2. The plaintiff's property

3

was reviewed, no contraband was found and his documents were returned to him. Id.

Next, the defendant states that on November 16, 2022, the plaintiff was placed in temporary lock-up (TLU) pending an investigation into possible possession of contraband based on information received and the amount of canteen he had in his possession with no receipts. Id. at 3. According to the defendant, five days later Peters completed a probable cause search of the plaintiff's mail for possible contraband and tested three envelopes addressed to the plaintiff which appeared to be legal mail. Id. Peters and Columbia County Sheriff Detective Leland tested the envelopes using a MX908 testing device, owned by the Columbia County Sheriff's Department and used for the detection of illegal substances. Id. The three envelopes tested positive for illegal substances. Id. The defendant states that in response to the test results, on November 27, 2022, Peters authored Conduct Report 294247 for possession of intoxicants and unauthorized use of the mail. Id. at 4. The defendant also states that about one week later, all the plaintiff's legal paperwork was returned to him except for the three pieces of mail referenced in the conduct report. Id. At the conduct report hearing, the hearing committee found the plaintiff guilty of possession of intoxicants and unauthorized use of the mail and sentenced him to thirty days loss of phone and 120 days disciplinary separation. Id. The defendant says that about one week after the hearing, Peters learned that the sheriff department's drug testing device had had some inconsistencies in its test results, and he started questioning the results from

the drug test of the plaintiff's documents. Id. Peters told the warden and security director about his concerns and on December 20, 2020, Peters retested the plaintiff's documents; they tested negative. Id. at 4-5. That same day, the documents listed in Conduct Report 294247 were provided to the plaintiff and the conduct report subsequently was dismissed. Id. at 5. The defendant states that the plaintiff now has access to all the legal paperwork that previously was in his possession and that because his documents have been returned, his motions are moot. Id. at 6. The defendant contends that the court should deny the plaintiff's motions and set a deadline for him to respond to the defendant's motion for summary judgment. Id.

On January 11, 2023, the court received from the plaintiff a reply in support of his motion for appointment of counsel and to stay proceedings.[2] Dkt. No. 74. He states that since he filed his motion on December 5, 2022, the harassment by prison officials has increased. Id. at 2. The plaintiff asserts that on January 1, 2023, his legal papers were confiscated again for about three days and that, when returned, his papers had "incapacitating agents" on them and that he has contraindications to incapacitating agents. Id. The plaintiff also says that more documents were missing. Id. The plaintiff states that a security supervisor at Columbia told him that Peters set him up. Id. According to the plaintiff, this was not an isolated incident, and the defendant has not provided evidence that the plaintiff can prosecute this case on his own. Id. at 3.

---

[2] This filing includes the plaintiff's motion to withdraw his motion for preliminary injunction, discussed above.

5

The plaintiff states that he is missing many legal papers in this case, and he cannot respond to the defendant's motion for summary judgment due to missing discovery materials. Id. at 4.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the

lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491.

The plaintiff has not established that he made a reasonable attempt to find a lawyer on his own. He says that he reached out to a few lawyers, but he doesn't say who he contacted or when he contacted them. Without this information, the court cannot conclude that the plaintiff made a reasonable attempt to find a lawyer on his own. Even if he had, the court would not recruit a lawyer to represent him. The plaintiff seeks counsel primarily because he

7

lacks the full case file and discovery documents. The court will order the defendant to provide the plaintiff with a copy of all discovery and a copy of all documents filed in this case.[3] The defendant has moved for summary judgment on the plaintiff's remaining claim against him and the court is confident that, with his legal materials, the plaintiff will be able to respond to the defendant's motion. The court encourages defense counsel to notify appropriate staff at Waupun Correctional Institution that she will be sending the above-referenced documents to the plaintiff and that he needs them to respond to the defendant's motion. The court will deny the plaintiff's motion to appoint counsel without prejudice.

In addition to ordering the defendant to provide the plaintiff with a copy of all documents filed in this case and all discovery, the court will set a new deadline for the plaintiff to respond to the defendant's motion for summary judgment. The court will therefore deny as moot the plaintiff's motion to stay proceedings.

The court **GRANTS** the plaintiff's motion to withdraw motion for preliminary injunction (Dkt. No. 74) and **ORDERS** that the motion for preliminary injunction (Dkt. No. 69) is **WITHDRAWN**.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 69.

---

[3] The plaintiff asked the court to provide the plaintiff with the full case file but, under the circumstances, the court will order the defendant to provide it.

The court **DENIES AS MOOT** the plaintiff's motion to stay proceedings. Dkt. No. 69.

The court **GRANTS IN PART** the plaintiff's motion for copy of all filings on docket. Dkt. No. 71. The court **ORDERS** the defendant to provide the plaintiff with a copy of all documents filed in this case by the end of the day on **June 21, 2023**.

The court **GRANTS** the plaintiff's motion for defendant to produce a complete copy of discovery. Dkt. No. 71. The court **ORDERS** the defendant to provide the plaintiff with a complete copy of the discovery exchanged in this case by the end of the day on **June 21, 2023**.

The court **ORDERS** that the plaintiff must file his response to the defendant's motion for summary judgment in time for the court to *receive* it by the end of the day on **July 28, 2023**. If, by the end of the day on July 28, 2023, the court has not received either the plaintiff's response to the defendant's motion for summary judgment or an explanation for why he cannot timely file a response, the court will treat the defendant's motion as unopposed and will rule on it input from the plaintiff. That means the court may grant the motion.

Dated in Milwaukee, Wisconsin this 8th day of June, 2023.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**