UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTONIO MARQUES SMITH,

               Plaintiff,

   v.                               Case No. 17-cv-667-pp

CHRISTOPHER STEVENS,

               Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION TO STAY SUMMARY JUDGMENT DEADLINES (DKT. NO. 82), DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 83), DENYING PLAINTIFF'S MOTION TO JOIN (DKT. NO. 83), DENYING PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT (DKT. NO. 83) AND ORDERING PLAINTIFF TO FILE RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

On November 14, 2022, defendant Christopher Stevens filed a motion for summary judgment on the merits of the plaintiff's remaining First Amendment claim, which is based on an allegation that the defendant intercepted the plaintiff's letter to his criminal defense lawyer. Dkt. No. 63. The plaintiff's response to the defendant's motion was due July 28, 2023 but he has not yet filed a response.[1] On July 25, 2023, the plaintiff filed a motion to stay

---

[1] On December 5, 2022, the plaintiff filed a combined motion for preliminary injunction, appointment of counsel and to stay proceedings. Dkt. No. 69. The plaintiff also filed a motion asking the court to provide him a copy of all filings on the docket and to order the defendant to produce a complete copy of discovery. Dkt. No. 71. He also filed a motion to withdraw his motion for preliminary injunction. Dtk. No. 74. The court granted the plaintiff's motion to withdraw his motion for preliminary injunction, denied without prejudice his motion to appoint counsel, denied as moot his motion to stay proceedings, granted in part his motion for copy of all filings and ordered the defendant to provide the plaintiff with a copy of documents filed in this case, granted the plaintiff's motion for the defendant to produce a complete copy of discovery and

1

summary judgment deadlines (Dkt. No. 82) until the court resolved the other

motions he filed that same day, which are a combined motion for

reconsideration of the court's order screening the third amended complaint, a

motion to join this case with Smith v. Eckstein, Case No. 21-cv-109-pp, and a

motion to file an amended complaint in the joined case (Dkt. No. 83). The

defendant filed a response on August 15, 2023 (Dkt. No. 84) and the plaintiff

has not filed a reply. This order addresses the plaintiff's motions.

## I.       Procedural Background

The court screened the third amended complaint and allowed the

plaintiff to proceed on a First Amendment claim against the defendant for

opening the plaintiff's legal mail outside of his presence at Green Bay

Correctional Institution and to proceed on access-to-courts claims against the

defendant and co-defendants Timm, Dylon Radtke, Pollard and Heil. Dkt. No.

24 at 19, 21. The court did not allow the plaintiff to proceed on claims based

on alleged events that occurred after he filed this lawsuit:

> The court also agrees with the defendants that the plaintiff's
> claims of retaliation do not belong in this lawsuit. The plaintiff filed
> this suit on May 11, 2017. It is appropriate for him to include in the
> third amended complaint events that occurred before that date. But
> the last twenty or so paragraphs of the third amended complaint
> allege that certain defendants took various actions—opening his
> legal mail, writing up false conduct reports against him, having him
> put in solitary—as retaliation against him for filing this suit. As the
> district court for the Western District has noted, allowing a plaintiff
> to include in one complaint the underlying conduct and claims of

ordered the defendant to provide the plaintiff with a complete copy of the
discovery exchanged in this case, and ordered the plaintiff to respond to the
defendant's motion for summary judgment by July 28, 2023. Dkt. No. 78 at 8-
9.

retaliation based on suing for that underlying conduct can "complicat[e] issues." <u>Upthegrove v. Kuka</u>, No. 5-C-153-C, 2005 WL 2781747, at *2 (W.D. Wis. Oct. 21, 2005). "[A]llowing ongoing claims of retaliation to be added to a lawsuit as the lawsuit progresses could result in a lawsuit's life being extended indefinitely." <u>Fitzgerald v. Greer</u>, No. 07-C-61-C, 2007 WL 5490138, at *1 (W.D. Wis. April 2, 2007). Allowing a plaintiff to add claims of retaliation as they occur "risk[s] delaying resolution of the case indefinitely while the parties litigate and conduct discovery on each discrete instance of retaliation that may occur while the lawsuit progresses." <u>Atkinson v. Mackinnon</u>, No. 14-C-736-bbc, 2015 WL 13658057, at *1 (Oct. 29, 2015).

The court is not saying that the plaintiff cannot sue the defendants he believes have been retaliating against him, only that he must bring his retaliation claims in a separate lawsuit. The court will dismiss defendants Linssen, Baumann, Van Lanen, Paul, Cushing and Wickman, and will not allow the plaintiff to proceed on retaliation claims against any other defendants.

<u>Id.</u> at 16-17. The court also did not allow the plaintiff to proceed on claims against defendants Cynthia Radtke, Foster, Cooper, Meli, Francois, Eckstein, Kind, Schueler and Swiekatowksi because the plaintiff did not allege that any of these defendants knew that someone was sending his legal mail to an ADA (Karl Hayes) and an investigator (David Dalland) in the Milwaukee County District Attorney's Office, or that they knew in time to intervene and stop that activity. <u>Id.</u> at 23. The court also did not allow the plaintiff to proceed against Hayes and Dalland. <u>Id.</u> The court stated that it would not allow the plaintiff to file any further amendments to the complaint. <u>Id.</u> at 24.

On August 3, 2020, the plaintiff filed a motion for reconsideration of the court's order screening his third amended complaint, in which he asked the court to allow him to proceed on his claims against defendants Foster, Cooper,

3

Meli, Cynthia Radtke, Hayes and Dalland. Dkt. No. 30. The court denied the motion. Dkt. No. 39.

The plaintiff's motion does not convince the court that it has made a mistake. The court dismissed Radtke, Foster, Cooper and Meli because the plaintiff alleged that they failed to intervene but he did not demonstrate that they knew that someone was sending the plaintiff's legal mail to the district attorney's office. Dkt. No. 24 at 22-23. The plaintiff says in his motion that he put all of these defendants on notice that his constitutional rights were being violated but that the violations continued and he argues that he can't find out exactly who was sending his mail unless he "is allowed to proceed on his claims and conduct discovery." Dkt. No. 30 at 2-3. He says he is "certain" that at least one of the named defendants, Cynthia Radtke, was sending his legal materials to the DA's office because she admitted as much to another defendant in emails. Id. at 3.

The court understands that the plaintiff claims he told these defendants about the contents of the judge's orders and the fact that his legal mail and legal materials were not to be sent to the DA's office. The court has no reason to think these defendants were not aware of that fact. And the plaintiff asserts in his motion that he knows staff members were going through his legal materials because he saw people in his cell and then would find his materials rifled. The question, however, is whether these defendants knew or had reason to know that staff were sending the plaintiff's legal mail or materials to the district attorney, such that they could have intervened to prevent it. The plaintiff still has not stated a claim that they did. As to Radtke, the plaintiff refers to an email in which Stevens asked her if she had a particular person to whom she was sending scanned letters, and she replied that she did. See Dkt. No. 25 at ¶¶52-53. This is not an admission that Radtke was sending the plaintiff's legal mail. The plaintiff's own facts concede that staff sent some of his non-legal mail to the DA's office. The fact that Radtke may have acknowledged sending scanned letters to someone at the DA's office (and the court is not sure that she did, without seeing the entire email chain) does not mean that she acknowledged sending the plaintiff's legal mail to the DA's office.

As for the prosecutor and the investigator, the plaintiff disagrees with the court that they were acting within the scope of their prosecutorial duties. The plaintiff has a right to disagree, but he has not convinced the court as the court explained in the screening order. Because the plaintiff has not convinced the court

4

that it made a mistake, Rule 60(b)(1) does not afford the plaintiff relief.

Dkt. No. 39 at 3-4.

The defendant and Heil, Pollard, Dylon Radtke and Timm filed a motion for judgment on the pleadings (Dkt. No. 35), and the court granted the motion as to the plaintiff's access-to-courts claims against all defendants (Dkt. No. 51 at 13, 23-24). The court denied the motion as to the plaintiff's First Amendment claim against the defendant and gave the plaintiff the opportunity to amend his complaint a final time as to his allegations against the defendant. Id. at 22-24. The plaintiff filed his fourth amended complaint on October 13, 2021 Dkt. No. 52.

The court screened the fourth amended complaint and allowed the plaintiff to proceed on a claim under the First Amendment based on allegations that the defendant intercepted and did not deliver the plaintiff's October 24, 2016 outgoing legal mail and his October 17, 2016 incoming mail. Dkt. No. 54 at 5. Specifically, the plaintiff alleged that the defendant intercepted three pieces of mail: (1) a letter the plaintiff sent to his attorney in his ongoing criminal case; (2) a letter to the plaintiff from a Kim Stelow; and (3) a letter to the plaintiff from a Babette Green. Id.

On September 27, 2022, the court granted the defendant's motion for partial summary judgment on exhaustion grounds and dismissed the plaintiff's claim as to his allegations that the defendant intercepted the October 17, 2016 mail from Kim Stelow and Babette Green. Dkt. No. 62 at 3-4. The court stated that the parties could conduct discovery and litigate only the issue of the

5

defendant's alleged interception of the plaintiff's outgoing letter to his criminal defense lawyer and reminded the parties of the deadlines for completing discovery and filing substantive dispositive motions. Id.

## II. "Motion for Reconsideration (Case No. 17-cv-667, Dkt. No. 24); Motion to Join (Rule 20 Fed. R. Civ. P.); and Motion to File Proposed Amended U.S.C. §1983 Civil Rights Complaint that Join the Cases" (Dkt. No. 83)

The plaintiff seeks reconsideration of the court's order screening the third amended complaint (Dkt. No. 24). Dkt. No. 83. He contends that prison officials violated his First Amendment right to freedom of speech by repeatedly opening legal mail outside of his presence and delaying delivery for an inordinate amount of time. Id. at 6. The plaintiff acknowledges that the court's order screening his third amend complaint correctly did not allow him to proceed on these allegations on a retaliation theory because they took place after he filed this lawsuit, but he contends that the court should have liberally construed his third amended complaint and allowed him to proceed on these allegations under a First Amendment free speech theory. Id. at 8-9. The plaintiff also contends that the defendants' actions/inactions support a claim for supervisory liability/failure to protect against the defendant, Swiekatowski, Eckstein, Pollard, Schueler and Kind. Id. at 10. He says that, beginning in October 2016, each defendant knew that prison staff were violating the plaintiff's rights, but these supervisory officials did not act to protect the plaintiff's rights under the First Amendment. Id. at 11-12.

In addition to his motion for reconsideration, the plaintiff moves to "join" this case with Smith v. Eckstein, Case No. 21-cv-109-pp, also pending before

6

this court. Dkt. No. 83 at 14. The plaintiff states that his "allegations from both cases with all the defendants' actions does arise out of the same transaction, occurrence or series of transactions or occurrences." Id. at 14-15. The plaintiff states that the mail incidents at Green Bay show a pattern and practice of prison staff opening legal mail outside of his presence and delaying the delivery of his incoming and outgoing mail; he contends that breaking "the incidents into two separate cases will greatly dilute the totality of the claim, and the seriousness of the allegations." Id. at 15. The plaintiff moves to file a joint amended complaint and he has filed a proposed amended complaint to join/consolidate claims. Id. at 16-17; Dkt. No. 83-1.

Non-final orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Federal Rule of Civil Procedure 54(b); Galvan v. Norberg, 678 F.3d 581, 587 n.3 (7th Cir. 2012) (stating "Rule 54(b) governs non-final orders and permits revision at any time prior to the entry of final judgment, thereby bestowing sweeping authority upon the district court to reconsider a [summary judgment motion]"). "The 'standard courts apply in reconsidering their decisions is generally the same under both Rule 59(e) and Rule 54(b).'" Cheese Depot, Inc. v. Sirob Imports, Inc., No. 14-C-1727, 2019 WL 1505399, at *1 (N.D. Ill. Apr. 5, 2019) (quoting Morningware, Inc. v. Hearthware Home Prods., Inc., No. 09-C-4348, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011)).

To prevail on a Rule 59(e) motion to amend judgment, a party must "clearly establish" (1) that the court committed a manifest error of law or fact,

or (2) that newly discovered evidence precluded entry of judgment. <u>Harrington v. City of Chi.</u>, 433 F.3d 542, 546 (7th Cir. 2006). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" <u>Oto v. Metro. Life Ins. Co.</u>, 224 F.3d 601, 606 (7th Cir. 2000) (quoting <u>Sedrak v. Callahan</u>, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Such motions are disfavored and should be 'rare.'" <u>Acantha LLC v. DePuy Orthopaedics Inc.</u>, No. 15-C-1257, 2018 WL 2290715, at *1 (E.D. Wis. May 19, 2018) (quoting <u>Bank of Waunakee v. Rochester Cheese Sales, Inc.</u>, 906 F.2d 1185, 1191 (7th Cir. 1990)).

When the court screened the third amended complaint on July 13, 2020, it did not allow the plaintiff to proceed on any retaliation claims based on events that occurred after he filed this lawsuit but said that he could bring them in another lawsuit. Assuming that, in addition to retaliation claims, the plaintiff also states First Amendment free speech claims based on the same allegations, the plaintiff was free to pursue such claims in another lawsuit. The court determined that in this case, the plaintiff could proceed on claims based on the allegations about events that took place before he filed this lawsuit. The plaintiff has not shown that the court erred in not allowing him to proceed on First Amendment free speech claims based on events that occurred after he filed this lawsuit.

The plaintiff contends that the third amended complaint states a claim against Eckstein, Pollard, Schueler and Kind for failing to act based on their

supervisory positions. The plaintiff asserts that these defendants knew of a "pattern and practice" of opening his legal mail and that his administrative complaints put them "on notice of the repeated violations[.]" Dkt. No. 83 at 12. The plaintiff's argument appears to assume that he should have been allowed to proceed on First Amendment claims for events that occurred after he filed this lawsuit which, as explained in the previous paragraph and in the order screening the third amended complaint, the court did not do. The plaintiff has not shown that the court erred in not allowing him to proceed against Eckstein, Pollard, Schueler and Kind based on their positions as supervisors.

The plaintiff contends that this case should be joined with Case Number 21-cv-109-pp under Fed. R. Civ. P. 20. First, Rule 20 does not allow a party to join *cases*; it allows a plaintiff to join plaintiffs under certain circumstances, or to join defendants under certain circumstances. The plaintiff appears to be asking the court to *consolidate* the two cases. Rule 42 governs consolidation, and allows a court to consolidate cases if those cases "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Consolidation is permissive—a court may consolidate but is not required to do so. While both cases involve the plaintiff's legal mail, it would be impractical to join the cases at this stage because summary judgment motions are pending in both cases. In this case, the defendant filed a motion for summary judgment on September 13, 2022, and in Case No. 21-cv-109-pp, the defendants have filed a motion for summary

9

judgment on exhaustion grounds.[2] The plaintiff's motions for reconsideration, to join and to amend appear to be an attempt to delay and complicate the resolution of this case.[3] Even if the plaintiff had cited the proper rule and applicable case law, allowing him to amend at this stage would unduly delay the case and prejudice the defendant. See White v. Woods, 48 F.4th 853, 860-61 (7th Cir. 2022); Soltys v. Costello, 520 F.3d 737, 743 (7th Cir. 2008). The court will deny the plaintiff's motions to join and amend the complaint.

### III.   Motion to Stay Summary Judgment Proceedings (Dkt. No. 82)

The plaintiff moves to stay summary judgment proceedings until the court resolves his combined motions to reconsider, join and amend. Dkt. No. 82. Because the court has denied those motions, the court will deny the plaintiff's motion to stay summary judgment proceedings. The court will give the plaintiff one more extension of time to respond to the defendant's motion for summary judgment. If the plaintiff does not file his response before the deadline set below, the court will consider the motion as unopposed and resolve it without input from him.

### IV.   Conclusion

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 83.

---

[2] In addition to the plaintiff's combined motions for reconsideration, to join and to amend, which he filed in both cases, the plaintiff has filed a separate motion for reconsideration of the screening order in Case No. 21-cv-109-pp.

[3] As the defendant states in his brief in opposition to the plaintiff's motions, the plaintiff "is essentially seeking to amend his complaint over six years after it was first filed, three years after it was last amended, nearly one year after the close of discovery, and nearly one year after the one remaining Defendant filed for Summary Judgment." Dkt. No. 84 at 2.

The court **DENIES** the plaintiff's motion to join. Dkt. No. 83.

The court **DENIES** the plaintiff's motion to file amended complaint. Dkt. No. 83.

The court **DENIES** the plaintiff's motion to stay summary judgment deadlines. Dkt. No. 82.

The court **ORDERS** that the plaintiff must file his response to the defendant's motion for summary judgment—or file a written explanation for why he cannot timely file a response—in time for the court to *receive it* by the end of the day on **October 13, 2023**. The court **ORDERS** that if the court has not received either the plaintiff's response to the defendant's motion for summary judgment or a written explanation for why he cannot timely file a response by the end of the day on October 13, 2023, the court will treat the defendant's motion as unopposed, without considering a response from the plaintiff.

Dated in Milwaukee, Wisconsin this 14th day of September, 2023.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge