UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTONIO MARQUES SMITH,

                          Plaintiff,

v.                                                    Case No. 17-cv-667-pp

CHRISTOPHER STEVENS,

                          Defendant.

---

**INDICATIVE RULING UNDER FEDERAL RULE OF CIVIL PROCEDURE 62.1**

---

      On November 9, 2023, the court granted the defendant's motion for summary judgment and dismissed the case. Dkt. No. 90. The plaintiff since has filed a motion for reconsideration in which he contends that the court erred when it resolved the defendant's motion without considering his response. Dkt. No. 95. The same day the court received the plaintiff's motion for reconsideration, it received from the plaintiff a notice of appeal. Dkt. No. 92. The plaintiff also has filed a motion for leave to proceed without prepaying the appellate filing fee and a motion for extension of time to submit his trust account statement. Dkt. Nos. 103, 104.

      District courts generally lack jurisdiction over a case once it is on appeal. Hughes v. Farris, 809 F.3d 330, 333 (7th Cir. 2015) (citing Ameritech Corp. v. Int'l Bhd. of Elec. Workers, Local 21, 543 F.3d 414, 418 (7th Cir. 2008)). But the court retains limited authority to consider a timely filed motion. The Federal Rules of Civil Procedure state if a party timely files a motion for relief that the court lacks authority to grant because an appeal is pending, the

1

district court may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). And under the Federal Rules of Appellate Procedure, if the district court states that it would grant a motion for relief that it lacks authority to grant because an appeal has been docketed, the court of appeals may remand for further proceedings. Fed. R. App. P. 12.1(b) (Remand After an Indicative Ruling).

The defendant filed his motion for summary judgment on November 14, 2022. Dkt. No. 63. On November 2, 2023, the court issued an order stating that if it did not receive the plaintiff's response to the motion by the end of the day on November 7, 2023, it would consider the defendant's motion without input from the plaintiff. Dkt. No. 89. The court did not receive a response from the plaintiff by the end of the day on November 7, 2023 and on November 9, 2023, it granted the defendant's motion for summary judgment without considering a response from the plaintiff. Dkt. No. 90 at 3-4.

The court received the plaintiff's motion for reconsideration on November 20, 2023. Dkt. No. 95. The motion cites Fed. R. Civ. P. 59(e). Id. The plaintiff contends that the court should set aside its order granting the defendant's summary judgment motion, consider the plaintiff's response and make it part of the record. Id. at 8. According to the plaintiff, he gave his response to prison

2

authorities for "e-filing"[1] on November 5, 2023, so the court should consider it to have been filed as of that date. Id. at 3, 7.

Under the "mailbox rule," the court treats an incarcerated person's documents as filed when he properly gives them to "prison staff . . . regardless of whether they are ultimately mailed or uploaded." Taylor v. Brown, 787 F.3d 851, 859 (7th Cir. 2015) (mailbox rule applies to incarcerated person's e-filing); Edwards v. United States, 266 F.3d 756, 758 (7th Cir. 2001) (mailbox rule applies to Rule 59(e) motions). The plaintiff has submitted a declaration averring that he submitted his summary judgment response to Waupun Correctional Institution staff for e-filing on November 5, 2023, but that the response and supporting documents had not been filed. Dkt. No. 99. He properly has invoked the mailbox rule and the defendant acknowledges this. Dkt. No. 101 at 1. That means that the plaintiff timely filed his response to the defendant's motion for summary judgment, even though the court did not receive it until after the deadline.

The defendant contends that even if the court considers the plaintiff's response, its judgment in the defendant's favor should stand because the court correctly found that the defendant did not violate the plaintiff's rights. Id. Alternatively, he asks that if the court finds that the plaintiff's summary judgment response warrants a reply, the court give him fourteen days to

---

[1] Under the court's Prisoner E-Filing Program, incarcerated individuals submit correspondence and case filings to institution staff, who scan and e-mail the documents to the court.

respond to the plaintiff's proposed findings of fact and draft a summary judgment reply. Id. at 2.

The plaintiff has filed a comprehensive response to the defendant's motion for summary judgment that includes a brief, declaration, exhibits, responses to the defendant's proposed findings of fact and his own proposed findings of fact. Dkt. Nos. 96, 97, 98, 100. The plaintiff's response warrants a reply from the defendant.

The court **ORDERS** that if the Court of Appeals remands this case under Fed. R. Civ. P. 62.1, the court would be inclined to grant the plaintiff's motion for reconsideration, vacate its order dismissing the case, allow the defendant time to file a reply and resolve the defendant's fully briefed motion for summary judgment. The court will send a copy of this order to the Court of Appeals in accordance with Fed. R. App. P. 12.1(a).

Dated in Milwaukee, Wisconsin this 31st day of January, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**